(April 18, 2000)

■ In the Matter of Rubin M., a Person Alleged to be a Juvenile Delinquent, Appellant. [707 NYS2d 403] —Order, Family Court, Bronx County (Stewart Weinstein, J.), entered September 2, 1998, which adjudicated appellant a juvenile delinquent and placed him on probation until his 18th birthday, unanimously reversed, on the law, without costs or disbursements, appellant's suppression motion granted and the petition dismissed.

Appellant was adjudicated a juvenile delinquent and placed on probation following a finding that he had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second degree and unlawful possession of a weapon by a person under 16. Appellant's suppression motion should have been granted. A concealed handgun was taken from appellant as the result of his being stopped on a public street because he fit the description of a suspect in a so-called "Rape Hot Sheet," an informational handout given to all members of the Street Crimes Unit. The flyer gave often different and conflicting descriptions of a person sought in a number of rape and robbery incidents that had occurred over a four-year period in Manhattan and the Bronx, many of which occurred in the 42nd Precinct where appellant was stopped. It described a black male, approximately 17 to 30 years of age and of slim build, who was known to wear a scarf or hood on his head. The height of the suspect ranged from 5 feet, 1 inch to 5 feet 9 inches; his weight ranged from 120 to 170 pounds. At the time appellant was stopped, he was wearing a light red jacket with a hood, dark jeans and dark sneakers, and was walking south on Third Avenue across the street from a housing project. Upon seeing appellant, the police approached and stopped him only because he matched the generic description of the perpetrator contained in the hot sheet, a description which could just as readily have applied to countless Bronx and Manhattan residents. The officers admittedly were not searching for a particular suspect; nor was there any recent criminal activity in the area where appellant was stopped or any articulable reason for questioning or searching him (*People v Hollman*, 79 NY2d 181, 194).

Since the officers had no basis for believing that appellant was involved in any criminal activity, their initial stop of him, ordering him not to move, surrounding him and demanding that he remove his hands from his jacket, was unlawful. Nor,

based on the general description of the suspect contained in the "Rape Hot Sheet," was there an objective reason for a common law inquiry. Thus, the evidence seized in the search that followed must be suppressed (*People v De Bour*, 40 NY2d 210, 223). Concur—Sullivan, P. J., Tom, Rubin, Andrias and Buckley, JJ.